JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN ANDERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHERIFFS OFFICERS,<br><br>　　　　Defendant. | Case No. 2:23-cv-09748-SB-PD<br><br><br>ORDER DISMISSING ACTION |

　　　　Plaintiff Quinten Anderson filed a civil rights complaint against Defendant "Sheriff's Officer's [sic]" alleging that they failed to monitor the cameras as required under "Pen Code 4740.5(c) and 47040.3." Dkt. No. 1. On the same day, Plaintiff filed a request to proceed in forma pauperis.[1] Dkt. No. 2. Courts are required to screen cases in which a prisoner seeks redress from a governmental entity or an officer or employee thereof. 28 U.S.C. § 1915A. The complaint must be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if the Plaintiff "seeks monetary relief from a defendant who is immune from such relief." *Id*.

　　　　Plaintiff alleges that unnamed deputy sheriffs failed to monitor a camera that resulted in items being stolen from his "bed area." Dkt. No. 1 at 5. He requests that he be compensated for the stolen goods and that the alleged thief be prosecuted.

　　　　Plaintiff fails to state a claim under 42 U.S.C. § 1983, which requires him to allege (1) a violation of a right secured by the Constitution or federal law, and (2) that the alleged violation was committed by a person acting under color of state

---

[1] Plaintiff failed to file (1) a certificate of authorized officer and (2) a certified copy of the prison or jail trust fund statement as required.

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that an unidentified item was stolen from him in jail because an unidentified deputy sheriff "fail[ed] to do his duty as a sheriff's officer" in violation of identified sections of the California Penal Code (which do not exist). Dkt. No. 1 at 5–6. Even assuming the unidentified deputy sheriff owed inmates a duty to monitor the cameras to protect their property from being stolen, Plaintiff's claim amounts to negligence (at best). Mere negligence, however, is insufficient to establish a § 1983 claim. *Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989) ("Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983.").

Plaintiff's § 1983 claim against unidentified deputy sheriffs for failing to catch another inmate who allegedly stole his property is frivolous. Thus, the Court dismisses the action without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

Date: December 14, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge